**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 6/11/2020
```

JASON BOYCE,

                                        **Plaintiff,**

                      -against-                                         **19-CV-03825 (JMF)(SN)**

BRUCE WEBER, et al.,                                            <u>OPINION & ORDER</u>

                                        **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        Earlier this year, Plaintiff's expert witness refused to answer certain questions at her

deposition. The deposition was prematurely ended on Plaintiff's insistence so that the Court

could more fully evaluate counsel's objection. The parties filed short letter briefs and the Court

heard argument on January 24, 2020. The Court concluded that Plaintiff's objections were not

well taken – indeed, I found that the application was "not a close call" and that the cases on

which Plaintiff relied were "entirely unpersuasive." Accordingly, I held that:

> plaintiff may either produce Dr. Ho for a seven-hour deposition in Los Angeles,
> unless the parties agree on another location, and pay the costs associated for defense
> counsel's time and travel and the cost of a court reporter or forego Dr. Ho's
> testimony all together.

Plaintiff elected to proceed with the deposition, which occurred on February 6, 2020. Defendant

now seeks an award in excess of $107,534.23. The motion is granted in part and denied in part.

        First, Defendants seek $54,857.00 in fees and $12,040.62 in costs (for a total of

$66,897.62) in connection with the second deposition of Plaintiff's expert witness. In addition to

attorney time associated with the travel to Los Angeles (appropriately reduced by half as is the

practice in this District, or omitted altogether) and the deposition itself, Defendants seek to be

reimbursed for hours of additional time spent preparing (again) for the deposition of Plaintiff's

expert witness. See Weintraub Decl., ¶10; Etra Decl., ¶11. Defendants argue that such time is compensable because of the significance of Dr. Ho's opinion and the fact that substantial documents were produced just before the original deposition, which needed to be reviewed by counsel and vetted by Defendants' expert. Of course, the fact that Defendants had this additional time to prepare for a critical deposition is gravy and only by happenstance of Plaintiff's improper objection. Any additional time Defendants spent preparing for the second deposition is Defendants' good fortune and will not be charged to the Plaintiff. For purposes of this motion only, the Court accepts counsel's rate as reasonable. Defendants are entitled to the fees incurred on the day of the deposition (11 hours for each attorney) and half the hours billed for travel time (6.5 hours for Ms. Weintraub). Accordingly, Plaintiff shall pay $24,385.00 in attorneys' fees pursuant to the Court's January 24, 2020 Order.

As part of this first portion of the application, Defendants seek to be reimbursed for First Class or Business Class airfare and a one night's stay at a luxury hotel in Los Angeles. Although, apparently, the lawyers for both sides negotiate with their own clients for the right to travel in non-economy class, the Court will not impose such terms as part of its sanctions order. Accordingly, the airfare requested is reduced by half. The Court finds that the hotel rate was not unreasonable. Accordingly, the Plaintiff is ordered to pay $2,992.92 for travel and hotel costs. Defendants also request that the Court order Plaintiff to pay $6,612.40, which includes not only the cost of the court reporter and videographer, but the cost of preparing the transcript. The Court's January 24, 2020 Order intended to compensate Defendants for the expense caused by Plaintiff's improper termination of the deposition; it was not intended to give Defendants a free deposition. See January 24, 2020 Order (Plaintiff shall pay "the cost of a court reporter").

Accordingly, Plaintiff must pay the hourly rate and video surcharge associated with the deposition, which is $829.25. Thus, the total cost awarded is $3,822.17.

Second, Defendants seek $40,636.61 for fees incurred in responding to Plaintiff's January 15, 2020 letter motion for a protective order concerning Dr. Ho's deposition. Defendants filed a five-page letter opposing Plaintiff's relief. In that letter, they requested among other things, fees and costs "for responding to Plaintiff's letter motion." ECF 58. The parties appeared on January 24, 2020 for oral argument on the motion, and the Court ruled from the bench. After setting forth the above options for Plaintiff's election, I concluded: "That is my ruling on these issues. Anything further from either side?" Defendants did not seek reconsideration of the Court's ruling or otherwise raise Defendants' request for fees incurred in responding to the motion. Accordingly, Defendants' request for $40,636.61 is denied as an untimely motion for reconsideration. See Local Civ. Rule 6.3. In the alternative, it is denied on the merits because the Court previously concluded that other relief was more appropriate, and as excessive in light of the work performed.

Third, Defendants seek an undisclosed sum for filing this fee motion. An award of fees incurred in filing a fee application can be appropriate where the motion is brought because a party took an unreasonable position or otherwise failed to engage in a good faith effort to resolve the dispute. See Lilly v. City of New York, 934 F.3d 222, 237 n.93 (2d Cir. 2019) (recognizing that the availability of fees incurred in a fee motion may depend on a party's good faith negotiations); see also Fed. R. Civ. P. 37(a)(5)(A) (fees are not available where a party did not attempt in good faith to resolve the dispute). Here, Plaintiff offered Defendants $28,000.00 to resolve this dispute. In light of the Court's ruling, Defendants' refusal to accept that compromise

and insist on bringing this motion was not reasonable and therefore fees for this application are unavailable.

<strong>CONCLUSION</strong>

Defendants' motion is GRANTED in part and DENIED in part. Plaintiff is ordered to pay $24,385.00 in attorneys' fees and $3,822.17 in costs, for a total award of $28,207.17. That is my ruling on these issues. I respectfully request that the Clerk of Court terminate the motion at ECF No. 103.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      June 11, 2020
            New York, New York