UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JASON BOYCE, :
:
                 Plaintiff, :
: 19-CV-3825 (JMF)
       -v- :
: MEMORANDUM OPINION
BRUCE WEBER and LITTLE BEAR, INC., : AND ORDER
:
                 Defendants. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Jason Boyce brings claims against Bruce Weber, a successful fashion photographer, and Little Bear, Inc. ("Little Bear"), Weber's production company (together, "Defendants"), pursuant to the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1591 *et seq.*;[1] the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. § 290 *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* All of the claims are based on the same principal allegation: that, during a photoshoot on December 15, 2014, Weber forced Boyce to touch Weber's and his own genitals. *See* ECF No. 1-2 ("FAC"), ¶¶ 26-47. Before the Court are two motions filed by Defendants: a motion for summary judgment with respect to all of Plaintiff's claims, *see* ECF No. 78, and a motion, pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), to exclude the testimony of

---

[1]     Section 1591 was amended effective May 29, 2015. Because the conduct at issue here predates the amendment, the earlier version, effective from December 23, 2008 to May 28, 2015, applies. *Cf. Ditullio v. Boehm*, 662 F.3d 1091, 1102 (9th Cir. 2011) ("We affirm the district court's conclusion that § 1595 cannot be applied retroactively to create liability for conduct that occurred before [the statute was amended]."). Notably, the May 2015 amendment, which added the statutory verbs "advertises," "patronizes," and "solicits" to Section 1591(a)(1), does not change the substance of the statute as applied to Defendants. *Compare* 18 U.S.C. § 1591(a)(1) (effective Dec. 23, 2008), *with* 18 U.S.C. § 1591(a)(1) (effective May 29, 2015).

Plaintiff's expert witness, Dr. Judy Ho, *see* ECF No. 74.  Upon review of the parties' motion papers, the Court concludes that both motions must be DENIED in all respects save one.

Simply put, with one exception, Defendants' motions hinge on factual disputes that must be decided by a jury.  First, with respect to summary judgment, the issues identified by Defendants — namely, whether the photoshoot where the alleged assault took place was an employment or other career-advancing opportunity and whether Weber "recruited" or "enticed" Boyce — are genuine disputes of material fact.  *See Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 87 (2d Cir. 1996) (warning that courts should be "especially chary in handing out summary judgment in discrimination cases," as the intent of the employer is often a central factual issue).  And second, with respect to the *Daubert* motion, most of the issues Defendants raise go to the weight of Dr. Ho's testimony, not its admissibility, and are properly addressed through cross-examination.  *See, e.g.*, *Discepolo v. Gorgone*, 399 F. Supp. 2d 123, 129 (D. Conn. 2005) ("Defendant's cross-examination can effectively reveal to the jury inaccuracies, imprecision, or fallacies in [the proposed expert's] analysis to enable the jury to decide how much of [the proposed expert's] testimony to credit or not credit and what weight to give it in the context of all the evidence, . . .").  Beyond that, the proper means to ensure that Dr. Ho does not intrude on the jury's role as the exclusive judges of Plaintiff's credibility are limiting instructions and target objections to particular questions or testimony, not wholesale exclusion of her testimony.  *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attack[] . . . .").

The one exception is Defendants' argument for dismissal of Boyce's aiding-and-abetting claims under the NYSHRL: that they "cannot be aiders or abettors of their own alleged actions." ECF No. 79 ("Defs.' Mem."), at 15.  Courts in this Circuit are divided on the question of

whether, under the NYSHRL, "an individual can be held liable for aiding and abetting his own conduct." *Murtha v. N.Y. State Gaming Comm'n*, No. 17-CV-10040 (NSR), 2019 WL 4450687, at *18 (S.D.N.Y. Sept. 17, 2019) (citing cases). Upon review of the relevant cases, the Court agrees with those courts that have answered that question in the negative — at least where, as here, there is only one individual defendant. *See, e.g.*, *Pierre v. City of New York*, No. 17-CV-5782 (JGK), 2020 WL 353538, at *13 (S.D.N.Y. Jan. 21, 2020); *Murphy v. Wappingers Cent. Sch. Dist.*, No. 15-CV-7460 (VB), 2018 WL 1831847, at *9 (S.D.N.Y. Apr. 16, 2018); *Bliss v. MXK Rest. Corp.*, 220 F. Supp. 3d 419, 426 (S.D.N.Y. 2016); *Malanga v. NYU Langone Med. Ctr.*, No. 14-CV-9681, 2015 WL 7019819, at *5 (S.D.N.Y. Nov. 12, 2015); *Raneri v. McCarey*, 712 F. Supp. 2d 271, 282 (S.D.N.Y. 2010). First, that result makes sense as "a matter of . . . logic." *Bliss*, 220 F. Supp. 3d at 426. Put simply, it is oxymoronic to say that an individual defendant can aid and abet his own primary conduct.[2] And second, although the New York Court of Appeals has not yet addressed the question, the Appellate Division, First Department, has squarely held that "an individual cannot aid and abet his or her own violation of the Human Rights Law." *Hardwick v. Auriemma*, 116 A.D.3d 465, 468 (1st Dep't 2014). That holding is not binding here, but where a state's highest court has not yet ruled on an issue of state law, the rulings of "state intermediate appellate courts . . . are a basis for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d

---

[2]  Relatedly, Boyce's aiding-and-abetting claim is superfluous. A jury could find for Boyce on an aiding-and-abetting theory only if it finds for him on a primary-conduct theory. But it could not award additional damages for what is the same harm. Thus, allowing the aiding-and-abetting claim to proceed would do nothing except perhaps complicate the Court's instructions to the jury.

3

Cir. 2005) (internal quotation marks omitted).[3]

Accordingly, Defendants' motion for summary judgment is GRANTED with respect to Boyce's NYSHRL aiding-and-abetting claim; otherwise, their motions are DENIED.  Unless and until the Court orders otherwise, the parties shall submit a proposed joint pretrial order and associated materials (in accordance with Section 5 of the Court's Individual Rules and Practices in Civil Cases, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman) **within forty-five days of the date of this Memorandum Opinion and Order**.  By the same date, the parties shall meet and confer and submit via ECF proposed limiting instructions with respect to the testimony of Dr. Ho (and Defendants' corresponding expert).  The Court will schedule a pretrial conference after reviewing the parties' submissions to discuss the procedures for and timing of trial, in light of the COVID-19 pandemic.  In the meantime, the Court is of the view that the parties should try to settle this case without the need for an expensive and potentially ugly trial.  To that end, the Court directs the parties **to confer immediately** about the prospect of settlement and conducting a settlement conference before Magistrate Judge Netburn (or before a mediator appointed by the Court or retained privately).  If the parties agree that a settlement conference would be appropriate, they should promptly advise the Court and, if needed, seek an appropriate referral and extension of the pretrial deadlines.

---

[3]     The courts that have held that a defendant can aid and abet his own conduct under the NYSHRL and NYCHRL — despite acknowledging that that result is "perhaps circular[]" — have done so because of the Second Circuit's decision in *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995). *Johnson v. Cty. of Nassau*, 82 F. Supp. 3d 533, 536 (E.D.N.Y. 2015) (internal quotation marks omitted).  But *Tomka* involved three individual defendants, not one. *See, e.g.*, *Malanga*, 2015 WL 7019819, at *5 n.3 (distinguishing *Tomka* on that basis).  In the Court's view, therefore, these courts misread — or read too much into — the Second Circuit's decision. *Id*. ("[I]t is reasonable to surmise that the rationale behind the [Second Circuit's] decision was that each of the three individual defendants were aiding and abetting their fellow defendants' violations.  If this is true, individuals may not be liable under *Tomka* for aiding and abetting their own violations of the HRL.").

4

One housekeeping matter remains: The parties filed a joint letter-motion to seal portions of their motion papers.  ECF No. 73.  The Court granted the letter-motion temporarily, pending its decision on the underlying motions.  ECF No. 83.  It is well established that filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Significantly, assessment of whether the presumption in favor of public access is overcome must be made on a document-by-document basis.  *See, e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).  And the mere fact that information is sealed or redacted by agreement of the parties is not a valid basis to overcome the presumption.  *See, e.g.*, *United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015).  Accordingly, **no later than two weeks from the date of this Memorandum Opinion and Order**, any party that believes any materials currently under seal or in redacted form should remain under seal or in redacted form is ORDERED to show cause in writing, on a document-by-document basis, why doing so would be consistent with the presumption in favor of public access.  If, by that deadline, no party contends that a particular document should remain under seal or in redacted form, then the parties shall promptly file that documents publicly on ECF.

The Clerk of Court is directed to terminate ECF Nos. 74 and 78.

SO ORDERED.

Dated: September 1, 2020
       New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge

5