UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
JASON BOYCE,                                                      :
:
Plaintiff,                                     :
:                 19-CV-3825 (JMF)
-v-                                              :
:                 MEMORANDUM OPINION
BRUCE WEBER and LITTLE BEAR, INC.,                                :                 AND ORDER
:
Defendants.                                    :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, Jason Boyce, a former fashion model, brings claims against Bruce Weber, a well-known fashion photographer, and Weber's production company, Little Bear, Inc., for sexual harassment and discrimination under the New York State Human Rights Law, N.Y. Exec. Law. § 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, and for sex trafficking under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1591 *et seq.*  Citing pretrial publicity and the "#metoo" movement, Defendants move for the use of a written jury questionnaire in connection with *voir dire*.  See ECF No. 155.  Notably, Defendants do not, and indeed could not, suggest that the use of a written questionnaire is mandated — or, to put it differently, that failure to use a written questionnaire would be error.  To the contrary, they acknowledge that the Court has "broad discretion in conducting *voir dire*." ECF No. 156, at 7; *see United States v. Treacy*, 639 F.3d 32, 47 (2d Cir. 2011) (citing cases in which the Second Circuit had "express[ly] disavow[ed] . . . the notion that questionnaires could *ever* be a required part of voir dire" and observed "that the methodology of voir dire is not only within the district court's discretion but 'quintessentially' so" (emphasis added)).  Exercising that broad discretion and considering the totality of the circumstances presented here (including the

2

extent of the publicity to date and the passage of time since many of the events cited by Defendants), the Court denies Defendants' motion. Although this case and Mr. Weber have been the subject of some publicity, and trial would likely garner some media attention, the Court is confident that searching oral *voir dire* will suffice to ensure the selection of a fair and impartial jury. The Clerk of Court is directed to terminate ECF No. 155.

SO ORDERED.

Dated: July 7, 2021
      New York, New York

                                              JESSE M. FURMAN
                                           United States District Judge